IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>v. )<br>)<br>BAYNEY PARKER, )<br>)<br>        Defendant. )<br>_____) | Cr. No. 06-0027 (RMU) |

**MOTION TO SUPPRESS PHYSICAL EVIDENCE AND INCORPORATED
MEMORANDUM IN SUPPORT THEREOF
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, Bayney Parker, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth amendment to the United States Constitution, to suppress at trial all evidence seized by law enforcement agents as the fruit of his illegal stop, search, and arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS**[1]

On January 1, 2006, Mr. Parker was stopped by Metropolitan Police Department officers in front of 1936 Naylor Road, SE. Officers Hogan and Moran allegedly observed Mr. Parker in front of 1521 Young Street, SE and proceeded to chase him down a dirt path running South

---

[1] This statement of facts is a summary based on the P.D. 163 police report and other information provided by the government to Mr. Parker during discovery. By including in this motion the facts as alleged by government , Mr. Parker does not in any way concede that these facts are accurate or true.

toward 1936 Naylor Road, SE.  Mr. Parker eventually fell to the ground and a handgun was allegedly found by a tree in front of 1936 Naylor Road. Mr. Parker was placed under arrest and transported to the Sixth District police station for processing.

## SUMMARY OF ARGUMENT

Because the Metropolitan Police officers did not have reasonable articulable suspicion to detain Mr. Parker, all fruits of the illegal detention–including all physical evidence allegedly recovered from Mr. Parker–must be suppressed.

## ARGUMENT

### I. ALL EVIDENCE SEIZED FROM MR. PARKER MUST BE SUPPRESSED BECAUSE HIS ARREST WAS UNCONSTITUTIONAL

A warrantless arrest of an individual is unconstitutional unless the government establishes that the arrest was supported by probable cause.  Hayes v. Florida, 470 U.S. 811 (1985); Royer, 460 U.S. at 500; United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980); see also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1959).  Probable cause exists when "the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." Halliman, 923 F.2d at 881 (citing Green, 670 F.2d at 1152).

A seizure occurs in one of two circumstances:  (1) officers apply physical force to the individual, and/or (2) the individual submits to a show of authority by law enforcement officers.  California v. Hodari D, 499 U.S. 621, 626 (1991).  In order to seize an individual, officers must

have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at the time they stopped Mr. Parker justified that seizure. See Royer, 460 U.S. at 500; Allen, 629 F.2d at 55.

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Parker's stop and seizure were unlawful and that there was no probable cause to support his arrest. The government will not be able to adduce sufficient sworn testimony to demonstrate that the police officers possessed the requisite probable cause or reasonable suspicion to stop Mr. Parker when they did. Specifically, the officers had no reason to impede, pursue and stop Mr. Parker prior to the point in time that he allegedly dropped the gun in the area where he is alleged to have run. Absent such evidence, the government bears the burden at a hearing of showing that officers did not forcibly cause Mr. Parker to abandon the firearm – either by the application of physical force, however temporary, or during a period of submission to a show of authority, however temporary. Because the firearm, cartridges, and casings were recovered after Mr. Parker was illegally seized, the physical evidence must be suppressed as the tainted fruit of the illegal seizure.

Taylor, 457 U.S. 687 (1982); Wong Sun v. United States, 371 U.S. 471 (1963).

## II.     THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE ARREST OF THE DEFENDANT

As discussed above, Mr. Parker asserts that his warrantless stop, search and seizure violated the Fourth Amendment.  In such cases, the government has the burden of showing probable cause for a warrantless arrest.  Hayes;  Royer; Allen.  See also Katz v. United States, 389 U.S. 347 (1967);  Henry v. United States, 361 U.S. 98 (1958).  The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized Mr. Parker justified that seizure.  United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).  An evidentiary hearing will show that there was no legal basis to stop Mr. Parker and that all that flowed therefrom was improper.  Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances, Mr. Parker requests that any evidence seized or obtained as a result of the search of his car be suppressed

WHEREFORE, for the foregoing reasons, and for any which may become apparent at a hearing on this motion, it is urged that this Court grant this Motion to Suppress.

    Respectfully submitted,
    A.J. KRAMER
    Federal Public Defender

    /s/

Lara G. Quint.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500