IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>       Plaintiff, )<br>  v. )<br>)<br>BAYNEY PARKER, )<br>)<br>       Defendant. )<br>                             ) | Cr. No. 06-0027 (RMU) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S NOTICE OF INTENTION TO IMPEACH DEFENDANT WITH PRIOR CONVICTIONS**

Defendant, Bayney Parker, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach him should he chose to testify at trial.

**STATEMENT OF FACTS**[1]

On January 1, 2006, Mr. Parker was stopped by Metropolitan Police Department officers in front of 1936 Naylor Road, SE. Officers Hogan and Moran allegedly observed Mr. Parker in front of 1521 Young Street, SE and proceeded to chase him down a dirt path running South toward 1936 Naylor Road, SE. Mr. Parker eventually fell to the ground and a handgun was allegedly found by a tree in front of 1936 Naylor Road. Mr. Parker was placed under arrest and

---

[1] This statement of facts is a summary based on the P.D. 163 police report and other information provided by the government to Mr. Parker during discovery. By including in this motion the facts as alleged by government , Mr. Parker does not in any way concede that these facts are accurate or true.

transported to the Sixth District police station for processing.

**ARGUMENT**

Although Fed. R. Evid. 609(a)(1) permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Fed. R. Evid. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much."). The government presents no specific facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case. All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

With respect to possession of a firearm, it is not an offense that, by its nature, involves deception or stealth. See, e.g., United States v. Gordon, 383 F.2d 936, 939 (D.C. Cir. 1967) ("Acts of violence . . . , which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity). As to the unauthorized use of a vehicle, the government has set forth no specific facts indicating that the conviction is particularly probative in the present case. Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission

of a felony – any felony – demonstrates a conscious disregard for the law. Id. at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions, particularly when one of the prior convictions is for possession of a firearm, would significantly prejudice Mr. Parker because there is a significant risk that the jury may infer from the fact of a prior conviction for a gun possession that Mr. Parker committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

## CONCLUSION

For the foregoing reasons, as well as for any others that the Court may deem just and reasonable, Mr. Parker respectfully moves this Honorable Court to exclude the use of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

____/s/_____

LARA G. QUINT
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

Case 1:06-cr-00027-RMU    Document 10    Filed 03/06/2006    Page 4 of 4