UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO.  06-027 (RMU) |
| : | |
| BAYNEY PARKER, : | |
| : | |
| Defendant. : | |
| _____ : | |

**GOVERNMENT'S SUBMISSION TO THE COURT
IN PREPARATION FOR THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Bayney Parker, hereby submit the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSES

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g), are:

1. The defendant knowingly possessed the firearm, as charged;

2. Before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

3. The possession of the firearm was in or affecting interstate commerce.

II.  COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES

Pursuant to 18 U.S.C. §§ 922g and 924:

1. a term in prison of not more than 10 years;
2. a fine of not more than $250,000; and
3. a term of supervised release of not less than two years and not more than three years.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on January 1, 2006, Patrick Hogan and David Moran of the Metropolitan Police Department were on routine patrol, while riding mountain bicycles, when they heard the sound of multiple gun shots. The officers followed the sound of the gun shots and observed the defendant, later identified as Bayney Parker, walking into an apartment building located at 1521 Young Street, S.E., Washington, D.C., with a gun in his hand. The officers waited outside of the building for several minutes, and resumed their patrol when the defendant did not come outside again. The officers heard the sound of gun shots shortly thereafter coming from Young Street. The officers rode back to Young Street, and got off their bicycles in an alley across the street from the aforementioned apartment building.

The officers then observed the defendant standing in front of 1521 Young Street firing a gun into the air. The officers stepped out of the alley, approached the defendant, and ordered him to drop his gun. The defendant hesitated for a second, lowered his weapon, and began to run along with a second male. The defendant and the other man ran to a dirt path located on the side of the building while the officers chased them. As the defendant stumbled at one point, he was seen by one officer tossing the gun to the ground away from his body. Officer Hogan stopped the defendant and handcuffed the defendant. When the defendant was secured, the police recovered a Mancester Arms

Commando 9mm from the ground. The police also recovered 40 rounds of spent 9mm shell casings from in front of 1521 Young Street.

There also would have been testimony that there are no gun manufacturers in the District of Columbia, and that the 9mm Mancester Arms gun had, therefore, traveled in interstate commerce.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
MICHAEL T. TRUSCOTT
Assistant United States Attorney
Member of the New York Bar
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
202-514-7533

## DEFENDANT'S ACKNOWLEDGMENT

      I have read this factual proffer and have discussed it with my attorney, Lara G. Quint, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date:_____    _____
                                        BAYNEY PARKER
                                        Defendant

## ATTORNEY'S ACKNOWLEDGMENT

      I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: _____    _____
                                        LARA G. QUINT
                                        Attorney for Defendant