IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| v.    ) | |
| ) | Cr. No. 06-0027 (RMU) |
| BAYNEY PARKER,    ) | |
| ) | |
| Defendant.    ). | |
| ) | |

**DEFENDANT'S MOTION REQUESTING COURT TO QUASH WRIT**

Mr. Bayney Parker, through undersigned counsel, respectfully asks this Honorable Court to order that the writ issued on June 8, 2006 be quashed. In support of his motion, Mr. Parker submits the following:

Mr. Parker was presented on January 3, 2006 before Magistrate Judge Deborah A. Robinson. On that date, the Court granted the government's request for a ten-day hold in light of the fact that, at the time, Mr. Parker was serving a sentence of supervised release imposed by the Honorable Judge Gladys Kessler. At a detention hearing held on January 17, 2006, the Court ordered Mr. Parker held on a $10,000 cash bond. While the offense with which Mr. Parker was charged was not a detainable offense, defense counsel requested a nominal bond given that Mr. Parker was being held in conjunction with his supervised release violation.

On February 13, 2006, Judge Kessler revoked Mr. Parker's supervised release and imposed a sentence of incarceration of six months, with no supervision to follow. On March 28, 2006, Mr. Parker pled guilty in the instant case. Following his plea of guilty, Mr. Parker was

transferred from D.C. Jail to federal custody outside Washington, D.C. In order to assure his presence in Washington, D.C. in time for his sentencing–scheduled for August 24, 2006–the Court issued a writ ordering Mr. Parker transferred to D.C. Jail.

Mr. Parker was transferred to D.C. Jail, where he completed his six-month sentence. Mr. Parker is prepared to pay the cash bond imposed in his case, but has been informed that, in light of the writ–which is serving as a detainer–he will not be released even in the event that he pays the bond.

As the writ–issued in order to assure Mr. Parker's presence in Washington, D.C.–is the only detainer holding Mr. Parker at the D.C. Jail, he asks that the Court quash the writ and allow him to pay the cash bond prior to sentencing. Counsel has spoken with counsel for the government and the latter has no opposition to the instant motion.

For the reasons set forth above, Mr. Parker asks the Court to quash the writ.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender

　　　/s/
Lara G. Quint.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004
(202) 208-7500