UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-027 |
| | : | |
| | : | Sentencing: August 24, 2006 |
| BAYNEY P. PARKER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MOTION FOR
TWO POINT REDUCTION FOR ACCEPTANCE
OF RESPONSIBILITY
AND MEMORANDUM IN AID OF SENTENCING**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and hereby respectfully submits its Motion For Two-Point Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing. In support thereof, the United States would respectfully showing the following:

**Motion for Reduction**

A. <u>Factual Summary of Instant Offense</u>

1. On January 1, 2006, Patrick Hogan and David Moran of the Metropolitan Police Department were on routine patrol riding mountain bicycles when they heard the sound of gun shots. The officers followed the sound and observed the defendant, later identified as Bayney Parker, walking into an apartment building located at 1521 Young Street, S.E., Washington, D.C., with a gun in his hand.

2. The officers waited outside of the building for several minutes, and eventually resumed their patrol when the defendant did not come outside.

3. The officers heard the sound of gun shots shortly thereafter coming once again from Young Street. The officers returned to Young Street, and got off their bicycles in an alley across the street from the apartment building.

4. The officers observed the defendant standing in front of 1521 Young Street firing a gun into the air. The officers stepped out of the alley, approached the defendant, and ordered him to drop his gun. The defendant hesitated for a second, lowered his weapon, and began to run away. The defendant ran to a dirt path located on the side of the building while the officers gave chase. As the defendant stumbled at one point, he tossed the gun to the ground away from his body. Officer Hogan stopped the defendant and placed him in handcuffs. After the defendant was secured, the police recovered a Mancester Arms Commando 9mm from the ground. The police also recovered 40 rounds of spent 9mm shell casings from in front of 1521 Young Street.

5. There are no gun manufacturers in the District of Columbia, and that the 9mm Mancester Arms gun had, therefore, traveled in interstate commerce.

B. <u>Defendant's Acceptance of Responsibility</u>

6. The defendant expressed an early interest in entering into a plea. Because of the defendant's early acceptance of responsibility, the United States was able to conserve valuable prosecution resources and the defendant is entitled to a two-point reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines.

7. It should be noted that this motion is different from the terms of the plea agreement entered into in this case. In the agreement, the United States agreed to file a motion for a three point reduction. However, pursuant to the provision of § 3E1.1(b) of the guidelines, the defendant is not eligible for the third point because his base offense level is less than 16. Thus, a motion filed in

accordance with the terms of the plea as originally written would be contrary to law. Therefore, the United States' motion seeks only a two point reduction.

**Memorandum in Aid of Sentencing**

8. Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. U.S.S.G. §2K2.1. The defendant's base offense level is 14. In the event that the Court grants the United States' motion, the defendant's base offense level would then be 12. Based on a total offense level of 12 and a criminal history category of IV, the guideline range of imprisonment is 21 to 27 months. U.S.S.G. Chapter 5, Part A.[1] The government is recommending that the defendant be sentenced to 21 months.

9. The Court should impose a sentence within the Sentencing Guideline range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment

---

[1] The government's position on defendant's base offense level, as well as its positions on all applicable specific offense characteristics and adjustments is supported by the PSR.

and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.

10.  The Sentencing Guideline range for the defendant's charge is not only presumptively reasonable, for the reasons outlined above, but it is reasonable and appropriate for this defendant based on the facts of this case. At first blush, it might appear that the defendant's actions might be characterized as a momentary lapse in judgment by someone celebrating the New Year holiday. However, a closer examination of the facts reveals the seriousness of the defendant's offense. First, the defendant did not just fire his 9mm handgun once and return to the inside of the apartment. The defendant fired the weapon, went inside, and the returned the outside of the building and resumed firing the weapon. This repeated activity demonstrates a lack of concern for the safety of the

neighborhood. Indeed, it was not just a single shot in the air. The police recovered forty rounds of spent 9mm ammunition. Further, when commanded by the police to put down the weapon, the defendant did not comply and began to run away. This sort of behavior is precisely of the sort that leads to dangerous encounters with the police. It presents not only a risk of harm for the suspect and the police, but it is also dangerous for any innocent bystanders who may get in the way. Thus, the facts and circumstances of this case, when viewed in conjunction with the defendant's criminal history warrant a sentence of incarceration of 21 months.

11. According to the PSR, the defendant's criminal record goes back nearly a decade.

12. Indeed, at the time the defendant committed this offense, he had been convicted on three previous occasions. Significantly, the defendant was convicted of the very same offense that he is being sentenced for in this case. Incredibly, in 2001, the defendant was sentenced to fifteen months of incarceration. Thus, as the defendant stands before this Court for sentencing, he is an individual who has had long term and repeated involvement with the criminal justice system. Indeed, the defendant is an experienced individual who understood the consequences of his actions when he possessed a 9mm handgun and fired forty rounds of ammunition.

13. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As previously mentioned here, the defendant is an individual sophisticated in the ways of the criminal justice system who understood the exact nature of his actions on January 1, 2006.

(b). The seriousness of the offense and the need to promote respect for the law and

punishment: Here, the defendant's actions were not only dangerous, they reflect a sobering disregard for the law. Indeed, despite serving more than a year for the same offense, the defendant fired forty rounds of ammunition and refused to comply when the police ordered him to put down the weapon.

(c). Potential deterrence: It needs to be made clear to the defendant that repeatedly possessing firearms in the District of Columbia will not go unpunished.

(d). Protecting the public: In light of the defendant's demonstrated willingness to discharged his weapon, there is a real need to protect the public. Any suggestion that the defendant may not have been firing the weapon at a particular individual is both true and not relevant. The fact remains that the defendant's conduct placed others – including the police and innocent civilians – in danger.

(e). The needs of the rehabilitative needs of the defendant: The record does not reflect the need for any particularly form of rehabilitation. The offense came about simply because the defendant choose to possess a firearm.

Therefore, under these factors, the Court should sentence the defendant to 21 months of incarceration.

> Respectfully,
>
> KENNETH L. WAINSTEIN
> United States Attorney
>
> By: _____
> MICHAEL T. TRUSCOTT
> ASSISTANT UNITED STATES ATTORNEY
> Member of the New York Bar
> Federal Major Crimes Section
> United States Attorney's Office
> 555 Fourth Street, N.W., Room 4237
> Washington, D.C. 20530
> Phone: (202) 514-7533
> Fax: (202) 514-6010